## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Inventergy LBS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Amer Sports Winter & Outdoor Company,**<br><br>Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Inventergy LBS, LLC ("Inventergy"), through its attorney, Isaac Rabicoff, complains of Amer Sports Winter & Outdoor Company ("Amer"), and alleges the following:

### PARTIES

1. Plaintiff Inventergy LBS, LLC is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

2. Defendant Amer Sports Winter & Outdoor Company is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 2030 Lincoln Avenue, Ogden, UT 84401.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5.      This Court has personal jurisdiction over Amer because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, Amer provides a full range of products to residents in this District. Amer is also incorporated in the state of Delaware. As described below, Amer has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Amer has committed acts of patent infringement in this District and is incorporated in the state of Delaware. In addition, Inventergy has suffered harm in this district.

### THE PATENTS-IN-SUIT

7.      Inventergy is the assignee of all right, title and interest in United States Patent No. 9,219,978 (the "'978 Patent") and United States Patent No. 9,781,558 (the "'558" Patent) (collectively the "Patents-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Inventergy possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Amer.

**The '978 Patent**

8.      On December 22, 2015, the United States Patent and Trademark Office issued the '978 Patent. The '978 Patent is titled "System and Method for Communication with a Tracking Device." The application leading to the '978 Patent was filed on June 24, 2015; which was a divisional application of U.S. Patent Application No. 13/443,180, that was filed on April 10, 2012; which was a continuation of U.S. Application No. 12/322,941, that was filed on February 9, 2009; which claims priority from provisional application number 61/065,116, that was filed on

February 8, 2008. A true and correct copy of the '978 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. The '978 Patent is valid and enforceable.

10. The inventors recognized that there was a need for a system and method for providing enhanced communication with tracking devices, while minimizing power consumption and network air time. Ex. A, 1:45–51.

11. The invention in the '978 Patent provides a tracking device with a location detector, communication device, memory processor and configuration routine. *Id.* at 2:1–3.

**The '558 Patent**

12. On October 3, 2017, the United States Patent and Trademark Office issued the '558 Patent. The '558 Patent is titled "System and Method for Communication with a Tracking Device." The application leading to the '558 Patent was filed on December 7, 2015; which was a divisional application of U.S. Patent Application No. 14/313,339, that was filed on June 24, 2014; which was a division of U.S. Application No. 13/443,180, that was filed on April 10, 2012; which was a continuation of U.S. Application No. 12/322,941, that was filed on February 9, 2009; which claims priority from provisional application number 61/065,116, that was filed on February 8, 2008. A true and correct copy of the '558 Patent is attached hereto as Exhibit B and incorporated herein by reference.

13. The '558 Patent is valid and enforceable.

14. The inventors recognized that there was a need for a system and method for providing enhanced communication with tracking devices, while minimizing power consumption and network air time. Ex. B, 1:48–54.

15. The invention in the '558 Patent provides a tracking device with a location detector, communication device, memory processor and configuration routine. *Id.* at 2:4–6.

### COUNT I: INFRINGEMENT OF THE '978 PATENT

16. Inventergy incorporates the above paragraphs herein by reference.

17. **Direct Infringement.** Amer has been and continues to directly infringe at least Claim 1 of the '978 Patent in this District and elsewhere in the United States by providing a system, for example, Amer's Suunto 9 Baro, that satisfies the preamble of Claim 1: "[a] tracking device." For example, Amer's Suunto 9 Baro is a tracking device. *See* https://www.suunto.com/en-us/Products/Sports-Watches/suunto-9-baro/suunto-9-baro-black/; Figure 1.



*Figure 1. Amer's Suunto 9 Baro is a tracking device.*

18. Amer's Suunto 9 Baro satisfies claim element 1(a): "a location detector operative to determine locations of said tracking device." For example, Amer's Suunto 9 Baro tracks location using a built-in receiver supporting GPS and works digitally. *See* Figure 2.



*Figure 2. Amer's Suunto 9 Baro location using a built-in receiver supporting GPS and works digitally.*

19.     Amer's Suunto 9 Baro satisfies claim element 1(b): "a communication device operative to communicate with a remote system." For example, Amer's Suunto 9 Baro has a communication device, such as a built-in transceiver, that is capable of cellular or satellite communication. *See* Figure 3.



*Figure 3. Amer's Suunto 9 Baro has a communication device that is capable of cellular or satellite communication.*

*See* https://www.suunto.com/en-us/Support/faq-articles/movescount/how-do-i-pair-my-suunto-spartan-with-suunto-movescount-app-iphone/; Figure 4.

Start the pairing process on your iPhone or iPad:

1. Make sure that Bluetooth is enabled and start Suunto Movescount App.

2. Tap the 'watch' icon in the top right corner of the start screen.

*Figure 4. Amer's Suunto 9 Baro has a communication device that is capable of cellular or satellite communication.*

20. Amer's Suunto 9 Baro satisfies claim element 1(c): "memory for storing data and code, said data including location data determined by said location detector and configuration data." For example, Amer's Suunto 9 Baro has on-board memory capable of storing location data. *See* Figure 5.



*Figure 5. Amer's Suunto 9 Baro has on-board memory capable of storing location data.*

21. Amer's Suunto 9 Baro satisfies claim element 1(d): "a processor operative to execute said code to impart functionality to said tracking device, said functionality of said tracking device depending at least in part on said configuration data." For example, Amer's Suunto 9 Baro includes a processor that executes code to determine the location of the Suunto 9 Baro and sends reports of its location over a set period of time. *See* Figs. 1-5.

22. Amer's Suunto 9 Baro satisfies claim element 1(e): "a configuration routine operative to modify said configuration data responsive to a communication from said remote system." For example, Amer's Suunto 9 Baro can be configured to various reporting plans which determine how frequently location is reported. *See* Figure 6.

> # NEVER WORRY ABOUT RUNNING OUT OF BATTERY
>
> Three predefined battery modes – Performance, Endurance and Ultra – deliver from 25 hours to up to 120 hours* of recording time with GPS tracking on. When you start a recording, you'll get an estimate of how much battery you have left with the current mode. If it's not enough, switch to another mode at any time.

*Figure 6. Amer's Suunto 9 Baro can be configured to various reporting plans which determine how frequently location is reported.*

23. Amer's Suunto 9 Baro satisfies claim element 1(f): "a buffering routine operative to buffer location data indicative of a plurality of said locations when said communication device is unable to communicate with said remote system." For example, Amer's Suunto 9 Baro receives location data at fixed intervals and stores the location data in its memory if the device cannot communicate with Amer's server. *See* Fig. 5.

24. Amer's Suunto 9 Baro satisfies claim element 1(g): "a reporting routine operative to transmit said location data indicative of said plurality of said locations when said communication device is able to communicate with said remote system." For example, Amer's Suunto 9 Baro has a reporting mechanism that is activated when requested if the communication server cannot communicate with the Suunto 9 Baro and leaving data stored in the tracking device's memory. *See* Figs. 1-6.

**COUNT II: INFRINGEMENT OF THE '558 PATENT**

25.     Inventergy incorporates the above paragraphs herein by reference.

26.     **Direct Infringement.** Amer has been and continues to directly infringe at least Claim 31 of the '558 Patent in this District and elsewhere in the United States by providing a system, for example, Amer's Suunto 9 Baro, that satisfies the preamble of Claim 31: "[a] tracking device." For example, Amer's Suunto 9 Baro is a tracking device. *See* Fig. 1.

27.     Amer's Suunto 9 Baro satisfies claim element 31(a): "a location detector operative to determine locations of said tracking device." For example, Amer's Suunto 9 Baro tracks location using a built-in receiver supporting GPS and works digitally. *See* Fig. 2.

28.     Amer's Suunto 9 Baro satisfies claim element 31(b): "a communication device operative to communicate with a remote system." For example, Amer's Suunto 9 Baro has a communication device, such as a built-in transceiver, that is capable of cellular or satellite communication. *See* Figs. 3-4.

29.     Amer's Suunto 9 Baro satisfies claim element 31(c): "memory for storing data and code, said data including location data determined by said location detector and configuration data." For example, Amer's Suunto 9 Baro has on-board memory capable of storing location data. *See* Fig. 5.

30.     Amer's Suunto 9 Baro satisfies claim element 31(d): "a processor operative to execute said code to impart functionality to said tracking device, said functionality of said tracking device depending at least in part on said configuration data." For example, Amer's Suunto 9 Baro includes a processor that executes code to determine the location of the XT4700 Series and sends reports of its location over a set period of time. *See* Figs. 1-5.

31.     Amer's Suunto 9 Baro satisfies claim element 31(e): "a configuration routine operative to modify said configuration data responsive to a communication from said remote

system." For example, Amer's Suunto 9 Baro can be configured over-the-air to various reporting plans which determine how frequently location is reported. *See* Figure 7.

> **NEVER WORRY ABOUT RUNNING OUT OF BATTERY**
>
> <u>Three predefined battery modes</u> – Performance, Endurance and Ultra – deliver from 25 hours to up to 120 hours* of recording time with GPS tracking on. When you start a recording, you'll get an estimate of how much battery you have left with the current mode. If it's not enough, switch to another mode at any time.

*Figure 7. Amer's Suunto 9 Baro can be configured over-the-air to various reporting plans which determine how frequently location is reported.*

      32.     Amer's Suunto 9 Baro satisfies claim element 31(f): "a reporting routine operative to transmit said location data indicative of said plurality of said locations when said communication device is able to communicate with said remote system." For example, Amer's Suunto 9 Baro has a reporting mechanism that is activated when requested if the communication server cannot communicate with the Suunto 9 Baro and leaving data stored in the tracking device's memory. *See* Figure 8.

> **NEVER WORRY ABOUT RUNNING OUT OF BATTERY**
>
> Three predefined battery modes – Performance, Endurance and Ultra – deliver from 25 hours to up to 120 hours* of recording time with GPS tracking on. When you start a recording, you'll get <u>an estimate of how much battery you have left</u> with the current mode. If it's not enough, switch to another mode at any time.

*Figure 8. Amer's Suunto 9 Baro has a reporting mechanism that is activated when requested if the communication server cannot communicate with the Suunto 9 Baro and leaving data stored in the tracking device's memory.*

33. Amer's Suunto 9 Baro satisfies claim element 31(g): "wherein said operational data is indicative of battery status." For example, Amer's Suunto 9 Baro is capable of reading the voltage of the battery of the device at fixed intervals and sending a report for the last voltage reading. *See* Fig. 8.

### JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Inventergy respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Inventergy asks this Court to enter judgment against Amer, granting the following relief:

A. A declaration that Amer has infringed the Patents-in-Suit;

B. An award of damages to compensate Inventergy for Amer's direct infringement of the Patents-in-Suit;

C. An order that Amer and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be

        preliminarily and permanently enjoined from infringing the Patents-in-Suit under 35 U.S.C. § 283;

D.    An award of damages, including trebling of all damages, sufficient to remedy Amer's willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

E.    A declaration that this case is exceptional, and an award to Inventergy of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

F.    An accounting of all damages not presented at trial;

G.    An award of prejudgment and post-judgment interest; and

H.    Such other relief as this Court or jury may deem proper and just.

Date: February 6, 2019        Respectfully submitted,

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Isaac Rabicoff
(*Pro Hac Vice Admission to be Filed*)
Kenneth Matuszewski
(*Pro Hac Vice Admission to be Filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com
kenneth@rabilaw.com