IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTERGY LBS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>AMER SPORTS WINTER & OUTDOOR COMPANY,<br><br>    Defendant. | C.A. No. 1:19-cv-00251-LPS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT AMER SPORTS WINTER & OUTDOOR COMPANY'S
ANSWER AND COUNTERCLAIMS**

Defendant and Counterclaimant Amer Sports Winter & Outdoor Company ("ASWO"), by and through its attorneys, hereby answers Plaintiff Inventergy LBS, LLC's ("Inventergy") Complaint for Patent Infringement ("Complaint") and asserts the following affirmative defenses and counterclaims:

**AS TO PARTIES**

1. Plaintiff Inventergy LBS, LLC is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

  **Answer**  ASWO lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint, and therefore denies Paragraph 1.

2. Defendant Amer Sports Winter & Outdoor Company is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 2030 Lincoln Avenue, Ogden, UT 84401.

  **Answer**  ASWO admits the allegations of Paragraph 2 of the Complaint.

1

## AS TO JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Answer** In answering Paragraph 3 of the Complaint, ASWO admits that Inventergy's Complaint purports to be an action for patent infringement under the patent laws of the United States, including Title 35. ASWO denies, however, that the Complaint sets forth any valid or meritorious claim, denies any patent infringement, and denies Inventergy is entitled to any remedies.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**Answer** In answering Paragraph 4 of the Complaint, ASWO admits that this Court has subject matter jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338. ASWO denies, however, that the Complaint sets forth any valid or meritorious claim, denies any patent infringement, and denies Inventergy is entitled to any remedies.

5. This Court has personal jurisdiction over Amer because it has engaged in systematic and continuous business activities in the District of Delaware. Specifically, Amer provides a full range of products to residents in this District. Amer is also incorporated in the state of Delaware. As described below, Amer has committed acts of patent infringement giving rise to this action within this District.

**Answer** In answering Paragraph 5 of the Complaint, ASWO does not contest that the Court has personal jurisdiction over ASWO. ASWO denies, however, that the Complaint sets forth any valid or meritorious claim, denies any patent infringement, and denies Inventergy is

entitled to any remedies.

## AS TO VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Amer has committed acts of patent infringement in this District and is incorporated in the state of Delaware. In addition, Inventergy has suffered harm in this district.

**Answer** In answering Paragraph 6 of the Complaint, ASWO denies that it has committed any acts of infringement in this District, denies that Inventergy has suffered any damages, but admits that ASWO is a Delaware corporation.

## AS TO THE PATENTS-IN-SUIT

7. Inventergy is the assignee of all right, title and interest in United States Patent No. 9,219,978 (the "'978 Patent") and United States Patent No. 9,781,558 (the "'558" Patent) (collectively the "Patents-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Inventergy possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Amer.

**Answer** In answering Paragraph 7 of the Complaint, ASWO admits that on its face, Inventergy is the record assignee of the asserted '978 Patent. ASWO is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint.

### As To The '978 Patent

8. On December 22, 2015, the United States Patent and Trademark Office issued the '978 Patent. The '978 Patent is titled "System and Method for Communication with a Tracking Device." The application leading to the '978 Patent was filed on June 24, 2015; which was a

divisional application of U.S. Patent Application No. 13/443,180, that was filed on April 10, 2012; which was a continuation of U.S. Application No. 12/322,941, that was filed on February 9, 2009; which claims priority from provisional application number 61/065,116, that was filed on February 8, 2008. A true and correct copy of the '978 Patent is attached hereto as Exhibit A and incorporated herein by reference.

**Answer** In answering Paragraph 8 of the Complaint, ASWO admits that Exhibit A is a copy of the '978 Patent, and that the '978 Patent speaks for itself.

9. The '978 Patent is valid and enforceable.

**Answer** ASWO denies the allegations of Paragraph 9 of the Complaint.

10. The inventors recognized that there was a need for a system and method for providing enhanced communication with tracking devices, while minimizing power consumption and network air time. Ex. A, 1:45–51.

**Answer** ASWO denies the allegations of Paragraph 10 of the Complaint.

11. The invention in the '978 Patent provides a tracking device with a location detector, communication device, memory processor and configuration routine. Id. at 2:1–3.

**Answer** ASWO denies the allegations of Paragraph 11 of the Complaint.

**As To The '558 Patent**

12. On October 3, 2017, the United States Patent and Trademark Office issued the '558 Patent. The '558 Patent is titled "System and Method for Communication with a Tracking Device." The application leading to the '558 Patent was filed on December 7, 2015; which was a divisional application of U.S. Patent Application No. 14/313,339, that was filed on June 24, 2014; which was a division of U.S. Application No. 13/443,180, that was filed on April 10, 2012; which was a continuation of U.S. Application No. 12/322,941, that was filed on February

9, 2009; which claims priority from provisional application number 61/065,116, that was filed on February 8, 2008. A true and correct copy of the '558 Patent is attached hereto as Exhibit B and incorporated herein by reference.

**Answer** In answering Paragraph 12 of the Complaint, ASWO admits that Exhibit B is a copy of the '558 Patent, and that the '558 Patent speaks for itself

13. The '558 Patent is valid and enforceable.

**Answer** ASWO denies the allegations of Paragraph 13 of the Complaint.

14. The inventors recognized that there was a need for a system and method for providing enhanced communication with tracking devices, while minimizing power consumption and network air time. Ex. B, 1:48–54.

**Answer** ASWO denies the allegations of Paragraph 14 of the Complaint.

15. The invention in the '558 Patent provides a tracking device with a location detector, communication device, memory processor and configuration routine. Id. at 2:4–6.

**Answer** ASWO denies the allegations of Paragraph 15 of the Complaint.

### AS TO COUNT I: INFRINGEMENT OF THE '978 PATENT

16. Inventergy incorporates the above paragraphs herein by reference.

**Answer** In answering Paragraph 16 of the Complaint, ASWO incorporates its above paragraphs herein by reference.

17. Direct Infringement. Amer has been and continues to directly infringe at least Claim 1 of the '978 Patent in this District and elsewhere in the United States by providing a system, for example, Amer's Suunto 9 Baro, that satisfies the preamble of Claim 1: "[a] tracking device." For example, Amer's Suunto 9 Baro is a tracking device. See https://www.suunto.com/en-us/Products/Sports-Watches/suunto-9-baro/suunto-9-baro-black/;

Figure 1. [*Figure 1 Omitted*.]

**Answer**    ASWO denies the allegations of Paragraph 17 of the Complaint.

18.    Amer's Suunto 9 Baro satisfies claim element 1(a): "a location detector operative to determine locations of said tracking device." For example, Amer's Suunto 9 Baro tracks location using a built-in receiver supporting GPS and works digitally. See Figure 2. [*Figure 2 Omitted*.]

**Answer**    ASWO denies the allegations of Paragraph 18 of the Complaint.

19.    Amer's Suunto 9 Baro satisfies claim element 1(b): "a communication device operative to communicate with a remote system." For example, Amer's Suunto 9 Baro has a communication device, such as a built-in transceiver, that is capable of cellular or satellite communication. See Figure 3. [*Figures 3 and 4 Omitted*.]

**Answer**    ASWO denies the allegations of Paragraph 19 of the Complaint.

20.    Amer's Suunto 9 Baro satisfies claim element 1(c): "memory for storing data and code, said data including location data determined by said location detector and configuration data." For example, Amer's Suunto 9 Baro has on-board memory capable of storing location data. See Figure 5. [*Figure 5 Omitted*.]

**Answer**    ASWO denies the allegations of Paragraph 20 of the Complaint.

21.    Amer's Suunto 9 Baro satisfies claim element 1(d): "a processor operative to execute said code to impart functionality to said tracking device, said functionality of said tracking device depending at least in part on said configuration data." For example, Amer's Suunto 9 Baro includes a processor that executes code to determine the location of the Suunto 9 Baro and sends reports of its location over a set period of time. See Figs. 1-5.

**Answer**    ASWO denies the allegations of Paragraph 21 of the Complaint.

22. Amer's Suunto 9 Baro satisfies claim element 1(e): "a configuration routine operative to modify said configuration data responsive to a communication from said remote system." For example, Amer's Suunto 9 Baro can be configured to various reporting plans which determine how frequently location is reported. See Figure 6. [*Figure 6 Omitted*.]

**Answer** ASWO denies the allegations of Paragraph 22 of the Complaint.

23. Amer's Suunto 9 Baro satisfies claim element 1(f): "a buffering routine operative to buffer location data indicative of a plurality of said locations when said communication device is unable to communicate with said remote system." For example, Amer's Suunto 9 Baro receives location data at fixed intervals and stores the location data in its memory if the device cannot communicate with Amer's server. See Fig. 5.

**Answer** ASWO denies the allegations of Paragraph 23 of the Complaint.

24. Amer's Suunto 9 Baro satisfies claim element 1(g): "a reporting routine operative to transmit said location data indicative of said plurality of said locations when said communication device is able to communicate with said remote system." For example, Amer's Suunto 9 Baro has a reporting mechanism that is activated when requested if the communication server cannot communicate with the Suunto 9 Baro and leaving data stored in the tracking device's memory. See Figs. 1-6.

**Answer** ASWO denies the allegations of Paragraph 24 of the Complaint.

### AS TO COUNT II: INFRINGEMENT OF THE '558 PATENT

25. Inventergy incorporates the above paragraphs herein by reference.

**Answer** In answering Paragraph 25 of the Complaint, ASWO incorporates its above paragraphs herein by reference.

26. Direct Infringement. Amer has been and continues to directly infringe at least

Claim 31 of the '558 Patent in this District and elsewhere in the United States by providing a system, for example, Amer's Suunto 9 Baro, that satisfies the preamble of Claim 31: "[a] tracking device." For example, Amer's Suunto 9 Baro is a tracking device. See Fig. 1.

**Answer** ASWO denies the allegations of Paragraph 26 of the Complaint.

27. Amer's Suunto 9 Baro satisfies claim element 31(a): "a location detector operative to determine locations of said tracking device." For example, Amer's Suunto 9 Baro tracks location using a built-in receiver supporting GPS and works digitally. See Fig. 2.

**Answer** ASWO denies the allegations of Paragraph 27 of the Complaint.

28. Amer's Suunto 9 Baro satisfies claim element 31(b): "a communication device operative to communicate with a remote system." For example, Amer's Suunto 9 Baro has a communication device, such as a built-in transceiver, that is capable of cellular or satellite communication. See Figs. 3-4.

**Answer** ASWO denies the allegations of Paragraph 28 of the Complaint.

29. Amer's Suunto 9 Baro satisfies claim element 31(c): "memory for storing data and code, said data including location data determined by said location detector and configuration data." For example, Amer's Suunto 9 Baro has on-board memory capable of storing location data. See Fig. 5.

**Answer** ASWO denies the allegations of Paragraph 29 of the Complaint.

30. Amer's Suunto 9 Baro satisfies claim element 31(d): "a processor operative to execute said code to impart functionality to said tracking device, said functionality of said tracking device depending at least in part on said configuration data." For example, Amer's Suunto 9 Baro includes a processor that executes code to determine the location of the XT4700 Series and sends reports of its location over a set period of time. See Figs. 1-5.

**Answer**     ASWO denies the allegations of Paragraph 30 of the Complaint.

31.     Amer's Suunto 9 Baro satisfies claim element 31(e): "a configuration routine operative to modify said configuration data responsive to a communication from said remotes ystem." For example, Amer's Suunto 9 Baro can be configured over-the-air to various reporting plans which determine how frequently location is reported. See Figure 7. [*Figure 7 Omitted*.]

**Answer**     ASWO denies the allegations of Paragraph 31 of the Complaint.

32.     Amer's Suunto 9 Baro satisfies claim element 31(f): "a reporting routine operative to transmit said location data indicative of said plurality of said locations when said communication device is able to communicate with said remote system." For example, Amer's Suunto 9 Baro has a reporting mechanism that is activated when requested if the communication server cannot communicate with the Suunto 9 Baro and leaving data stored in the tracking device's memory. See Figure 8. [*Figure 8 Omitted*.]

**Answer**     ASWO denies the allegations of Paragraph 32 of the Complaint.

33.     Amer's Suunto 9 Baro satisfies claim element 31(g): "wherein said operational data is indicative of battery status." For example, Amer's Suunto 9 Baro is capable of reading the voltage of the battery of the device at fixed intervals and sending a report for the last voltage reading. See Fig. 8.

**Answer**     ASWO denies the allegations of Paragraph 33 of the Complaint.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

34.     The Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

35.     The Complaint fails to state a claim for increased damages pursuant to 35 U.S.C.

§ 284.

### Third Affirmative Defense

36. ASWO does not infringe and has not infringed, either literally or under the doctrine of equivalents, induced others to infringe, or contributed to infringement by others of any valid claim of the asserted patents.

### Fourth Affirmative Defense

37. The asserted patents are invalid for failure to comply with one or more provisions of the U.S. Patent laws, including 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116.

### Fifth Affirmative Defense

38. The Complaint is barred by doctrines of laches and/or estoppel.

### Sixth Affirmative Defense

39. The Complaint is barred by acquiescence.

### Seventh Affirmative Defense

40. The Complaint is barred by unclean hands.

### Eighth Affirmative Defense

41. Inventergy's claim for infringement is barred, in whole or in part, by the doctrine of prosecution history estoppel and/or prosecution disclaimer.

### Ninth Affirmative Defense

42. Inventergy's claim for damages is barred, in whole or in part, by the operation of applicable statutes, including 35 U.S.C. §286 (time limitation on damages).

### Tenth Affirmative Defense

43. Inventergy is not entitled to injunctive relief because any injury to Inventergy is not immediate or irreparable, and Inventergy has an adequate remedy (if any) at law.

**WHEREFORE**, having fully answered Inventergy's Complaint, ASWO prays that the Complaint be dismissed with prejudice, that Inventergy be denied all relief sought, and that ASWO be awarded its costs, its attorney's fees, expert fees and costs and other litigation costs in this action along with such further and additional relief as this Court deems just and appropriate.

## ASWO'S COUNTERCLAIMS AGAINST INVENTERGY

Defendant and Counterclaimant ASWO for its Counterclaims against Inventergy, pleads on knowledge, information, and belief as follows:

### THE PARTIES

1. Amer Sports Winter & Outdoor Company ("ASWO"), is a Delaware corporation with a principle place of business at 2030 Lincoln Avenue, Ogden, Utah 84401.

2. On information and belief, Counterclaim Defendant Inventergy LBS, LLC ("Inventergy"), is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

### JURISDICTION AND VENUE

3. This Court generally has subject matter jurisdiction over actions for patent infringement under the United States Patent Laws, 35 U.S.C. § 101, *et seq.* and under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court further has jurisdiction over the subject matter of this Counterclaim against Inventergy pursuant to 28 U.S.C. §§ 2201 and 2202 in that ASWO is seeking a declaratory judgment that the asserted patents, United States Patent No. 9,219,978 (the "'978 Patent") and United States Patent No. 9,781,558 (the "'558" Patent) (collectively the "Patents-in-Suit"), are invalid and not infringed.

5. Inventergy has submitted to the personal jurisdiction of this Court by filing its claim for patent infringement in this Court.

6. There exists an actual and justiciable controversy between ASWO and Inventergy concerning Inventergy's claims that ASWO infringes the asserted '978 and '558 Patents.

7. Venue is appropriate because Inventergy has consented to the propriety of venue in this Court by filing a claim for patent infringement in this Court.

## FACTUAL BACKGROUND

8. Inventergy has filed meritless claims that products allegedly sold by ASWO infringe the asserted '978 and '558 Patents.

9. The '978 Patent is titled "System and Method for Communication with a Tracking Device" and relates to a system and method for providing communication with a tracking device. The claimed elements of the '978 Patent are not present in the accused products sold by ASWO.

10. The claimed subject matter of the asserted '978 Patent is invalidated by the prior art, including but not limited to Suunto's own prior art devices and numerous prior art patents.

11. The '558 Patent is titled "System and Method for Communication with a Tracking Device." and relates to a system and method for communicating with a tracking device. The claimed elements of the '558 Patent are not present in the accused products sold by ASWO.

12. The claimed subject matter of the asserted '558 Patent is invalidated by the prior art, including but not limited to Suunto's own prior art devices and numerous prior art patents.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of '978 Patent)**

13. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 12 of this Counterclaim.

14. ASWO has not infringed, either literally or under the doctrine of equivalents, nor contributed to, nor induced infringement of, any valid claim of the '978 Patent.

15. ASWO is therefore entitled to a declaratory judgment that ASWO does not infringe any valid claim of the '978 Patent and that Inventergy is not entitled damages or other relief.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of '978 Patent)**

16. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 15 of this Counterclaim.

17. The claims of the '978 Patent are invalid, unenforceable, and/or void for failing to meet the requirements of the United States patent laws, including without limitation failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. ASWO is therefore entitled to a declaratory judgment that the claims of the '978 Patent are therefore invalid.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of '558 Patent)**

19. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 18 of this Counterclaim.

20. ASWO has not infringed, either literally or under the doctrine of equivalents, nor contributed to, nor induced infringement of, any valid claim of the '558 Patent.

21. ASWO is therefore entitled to a declaratory judgment that ASWO does not infringe any valid claim of the '558 Patent and that Inventergy is not entitled damages or other relief.

## FOURTH CLAIM FOR RELIEF

## (Declaratory Judgment of Invalidity of '558 Patent)

22. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 21 of this Counterclaim.

23. The claims of the '558 Patent are invalid, unenforceable, and/or void for failing to meet the requirements of the United States patent laws, including without limitation failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

24. ASWO is therefore entitled to a declaratory judgment that the claims of the '558 Patent are therefore invalid.

## PRAYER FOR RELIEF

WHEREFORE, ASWO requests that this Court find for ASWO and that it grant ASWO the following relief:

a. That the Court enter a judgment declaring the '978 Patent not infringed by ASWO and that ASWO is not liable to Inventergy for infringement of the '978 Patent;

b. That the Court enter a judgment declaring that the claims of the '978 Patent are invalid;

c. That the Court enter a judgment declaring the '558 Patent not infringed by ASWO and that ASWO is not liable to Inventergy for infringement of the '558 Patent;

d. That the Court enter a judgment declaring that the claims of the '558 Patent are invalid;

e. That the Court find this case to be exceptional under 35 U.S.C. § 285;

f. That the Court enter an order awarding ASWO its reasonable attorneys' fees and costs; and

g. That ASWO be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

ASWO hereby demands a trial by jury on all issues so triable.

Dated: April 1, 2019

Respectfully submitted,

   */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Erin E. Larson (#6616)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com
elarson@morrisjames.com

OF COUNSEL:

Jeffery A. Key
(Pro Hac Vice Admission to be filed)
KEY & ASSOCIATES
321 N. Clark Street, Suite 500
Chicago, IL 60654
Phone: (312) 560-2148
jakey@key-and-associates.com

*Attorneys for Defendant-Counterclaimant
Amer Sports Winter & Outdoor Company*