# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INVENTERGY LBS, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**AMER SPORTS WINTER & OUTDOOR COMPANY,**<br><br>  Defendants. | Case No. 1:19-cv-00251-LPS<br><br>Patent Case<br><br>Jury Trial Demanded |

## PLAINTIFF INVENTERGY LBS, LLC'S ANSWER TO DEFENDANT AMER SPORTS WINTER & OUTDOOR COMPANY'S COUNTERCLAIMS

Plaintiff Inventergy LBS, LLC ("Inventergy") responds to the counterclaims of Defendant Amer Sports Winter & Outdoor Company ("ASWO") filed on April 1, 2019 (D.I. 7) by corresponding paragraph numbers as follows:

## ASWO'S COUNTERCLAIMS AGAINST INVENTERGY

Defendant and Counterclaimant ASWO for its Counterclaims against Inventergy, pleads on knowledge, information, and belief as follows:

## PARTIES

1. Amer Sports Winter & Outdoor Company ("ASWO"), is a Delaware corporation with a principle place of business at 2030 Lincoln Avenue, Ogden, Utah 84401.

**ANSWER:** Inventergy admits the allegations of Paragraph 1.

2. On information and belief, Counterclaim Defendant Inventergy LBS, LLC ("Inventergy"), is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 900 East Hamilton Avenue, Campbell, CA 95008.

1

**ANSWER:** Inventergy admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. This Court generally has subject matter jurisdiction over actions for patent infringement under the United States Patent Laws, 35 U.S.C. § 101, et seq. and under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Inventergy admits the allegations of Paragraph 3.

4. This Court further has jurisdiction over the subject matter of this Counterclaim against Inventergy pursuant to 28 U.S.C. §§ 2201 and 2202 in that ASWO is seeking a declaratory judgment that the asserted patents, United States Patent No. 9,219,978 (the "'978 Patent") and United States Patent No. 9,781,558 (the "'558" Patent) (collectively the "Patents-in-Suit"), are invalid and not infringed.

**ANSWER:** The allegations of Paragraph 4 consist solely of a legal conclusion to which no response is required. To the extent that Paragraph 4 is interpreted to contain any factual allegations, Inventergy denies them.

5. Inventergy has submitted to the personal jurisdiction of this Court by filing its claim for patent infringement in this Court.

**ANSWER:** Inventergy admits the allegations of Paragraph 5.

6. There exists an actual and justiciable controversy between ASWO and Inventergy concerning Inventergy's claims that ASWO infringes the asserted '978 and '558 Patents.

**ANSWER:** Inventergy admits the allegations of Paragraph 6.

7. Venue is appropriate because Inventergy has consented to the propriety of venue in this Court by filing a claim for patent infringement in this Court.

**ANSWER:** Inventergy admits the allegations of Paragraph 7.

## FACTUAL BACKGROUND

8. Inventergy has filed meritless claims that products allegedly sold by ASWO infringe the asserted '978 and '558 Patents.

**ANSWER:** Inventergy denies the allegations of Paragraph 8.

9. The '978 Patent is titled "System and Method for Communication with a Tracking Device" and relates to a system and method for providing communication with a tracking device. The claimed elements of the '978 Patent are not present in the accused products sold by ASWO.

**ANSWER:** Inventergy admits that the '978 Patent is titled "System and Method for Communication with a Tracking Device" and that it relates to a system and method for providing communication with a tracking device. Inventergy denies the remaining allegations of Paragraph 9.

10. The claimed subject matter of the asserted '978 Patent is invalidated by the prior art, including but not limited to ASWO's own prior art devices and numerous prior art patents.

**ANSWER:** Inventergy denies the allegations of Paragraph 10.

11. The '558 Patent is titled "System and Method for Communication with a Tracking Device." and relates to a system and method for communicating with a tracking device. The claimed elements of the '558 Patent are not present in the accused products sold by ASWO.

**ANSWER:** Inventergy admits that the '558 Patent is titled "System and Method for Communication with a Tracking Device and that it relates to a system and method for

communicating with a tracking device. Inventergy denies the remaining allegations of Paragraph 11.

12. The claimed subject matter of the asserted '558 Patent is invalidated by the prior art, including but not limited to ASWO's own prior art devices and numerous prior art patents.

**ANSWER:** Inventergy denies the allegations of Paragraph 12.

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '978 PATENT)

13. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 12 of this Counterclaim.

**ANSWER:** Inventergy repeats and realleges its answers to Paragraphs 1–12 and as for its Answer to Paragraph 13 of this First Counterclaim.

14. ASWO has not infringed, either literally or under the doctrine of equivalents, nor contributed to, nor induced infringement of, any valid claim of the '978 Patent.

**ANSWER:** Inventergy denies the allegations of Paragraph 14.

15. ASWO is therefore entitled to a declaratory judgment that ASWO does not infringe any valid claim of the '978 Patent and that Inventergy is not entitled damages or other relief.

**ANSWER:** The allegations of Paragraph 15 consist solely of a legal conclusion to which no response is required. To the extent that Paragraph 15 is interpreted to contain any factual allegations, Inventergy denies them.

## SECOND CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF INVALIDITY OF '978 PATENT)

16. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 15 of this Counterclaim.

**ANSWER:** Inventergy repeats and realleges its answers to Paragraphs 1–15 and as for its Answer to Paragraph 16 of this Second Counterclaim.

17. The claims of the '978 Patent are invalid, unenforceable, and/or void for failing to meet the requirements of the United States patent laws, including without limitation failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Inventergy denies the allegations of Paragraph 17.

18. ASWO is therefore entitled to a declaratory judgment that the claims of the '978 Patent are therefore invalid.

**ANSWER:** The allegations of Paragraph 18 consist solely of a legal conclusion to which no response is required. To the extent that Paragraph 18 is interpreted to contain any factual allegations, Inventergy denies them.

## THIRD CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF '558 PATENT)

19. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 18 of this Counterclaim.

**ANSWER:** Inventergy repeats and realleges its answers to Paragraphs 1–18 and as for its Answer to Paragraph 19 of this Third Counterclaim.

20. ASWO has not infringed, either literally or under the doctrine of equivalents, nor contributed to, nor induced infringement of, any valid claim of the '558 Patent.

**ANSWER:** Inventergy denies the allegations of Paragraph 20.

21. ASWO is therefore entitled to a declaratory judgment that ASWO does not infringe any valid claim of the '558 Patent and that Inventergy is not entitled damages or other relief.

**ANSWER:** The allegations of Paragraph 21 consist solely of a legal conclusion to which no response is required. To the extent that Paragraph 21 is interpreted to contain any factual allegations, Inventergy denies them.

## FOURTH CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT OF INVALIDITY OF '558 PATENT)

22. ASWO realleges and incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 21 of this Counterclaim.

**ANSWER:** Inventergy repeats and realleges its answers to Paragraphs 1–21 and as for its Answer to Paragraph 22 of this Fourth Counterclaim.

23. The claims of the '558 Patent are invalid, unenforceable, and/or void for failing to meet the requirements of the United States patent laws, including without limitation failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Inventergy denies the allegations of Paragraph 23.

24. ASWO is therefore entitled to a declaratory judgment that the claims of the '558 Patent are therefore invalid.

**ANSWER:** The allegations of Paragraph 24 consist solely of a legal conclusion to which no response is required. To the extent that Paragraph 24 is interpreted to contain any factual allegations, Inventergy denies them.

## PRAYER FOR RELIEF

WHEREFORE, ASWO requests that this Court find for ASWO and that it grant ASWO the following relief:

a) That the Court enter a judgment declaring the '978 Patent not infringed by ASWO and that ASWO is not liable to Inventergy for infringement of the '978 Patent;

b) That the Court enter a judgment declaring that the claims of the '978 Patent are invalid;

c) That the Court enter a judgment declaring the '558 Patent not infringed by ASWO and that ASWO is not liable to Inventergy for infringement of the '558 Patent;

d) That the Court enter a judgment declaring that the claims of the '558 Patent are invalid;

e) That the Court find this case to be exceptional under 35 U.S.C. § 285;

f) That the Court enter an order awarding ASWO its reasonable attorneys' fees and costs; and

g) That ASWO be awarded such other and further relief as this Court may deem just and proper.

**ANSWER:** Inventergy repeats and readmits its answers to Paragraphs 1–24 and as for its Answer to ASWO's "Prayer for Relief." Inventergy denies that ASWO is entitled to any relief as requested in a)-g) of the section titled "Prayer for Relief" or that ASWO is entitled to any relief from Inventergy. To the extent that a)-g) of ASWO's Counterclaims section titled "Prayer for Relief" are interpreted to contain any factual allegations, Inventergy denies them.

### DEMAND FOR JURY TRIAL

[Paragraph unnumbered in ASWO's Counterclaims] ASWO hereby demands a trial by jury on all issues so triable.

**ANSWER:** Inventergy admits the allegations of the section titled "Demand for Jury Trial."

### PRAYER

In addition to the relief requested in Inventergy LBS, LLC's Complaint for Patent Infringement, Inventergy respectfully requests a judgment against ASWO as follows:

a. That ASWO take nothing against Inventergy in this action;

b. That the Court award Inventergy's costs and attorney's fees in defending against these Counterclaims; and

c. Any and all further relief for Inventergy as the Court may deem just and proper.

Dated: April 11, 2019         Respectfully submitted,

*/s/ Timothy Devlin*
**DEVLIN LAW FIRM LLC**
Timothy Devlin (No. 4241)
1306 North Broom Street, Suite 1
Wilmington, DE 19806
TELEPHONE: (302) 449-7676
Email: tdevlin@devlinlawfirm.com

Isaac Rabicoff
(*Pro Hac Vice Admission Pending*)
Kenneth Matuszewski
(*Pro Hac Vice Admission Pending*)
Rabicoff Law LLC
73 W. Monroe St.
Chicago, IL 60603
isaac@rabilaw.com
kenneth@rabilaw.com

***Counsel for Plaintiff/Counterclaim Defendant Inventergy LBS, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 11th day of April, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Timothy Devlin*
Timothy Devlin